*JUDGE BATTS*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

       - v. -

KWAME PREMPEH,
    a/k/a "Abdellah",
ABASS GLES,

               Defendants.

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 1 6 2007

INDICTMENT

07 CRIM. 311

## COUNT ONE

    The Grand Jury charges:

    1.    From in or about October 2006, up to and including in or about January 2007, in the Southern District of New York and elsewhere, KWAME PREMPEH, a/k/a "Abdellah", and ABASS GLES, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1343.

    2.    It was a part and an object of the conspiracy that, KWAME PREMPEH, a/k/a "Abdellah", and ABASS GLES, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by

means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

OVERT ACTS

3.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

(a) In and around December 2006, KWAME PREMPEH, a/k/a "Abdellah", the defendant, instructed another person to pick up a Dell laptop computer that had been ordered over the internet to be shipped to an address in the Bronx, New York, and had been paid for using instant credit obtained using another person's name and information.

(b) In and around November and December 2006, GLES ABASS, the defendant, instructed another person to pick up a Dell laptop computer that had been ordered over the internet to be shipped to an address in the Bronx, New York, and had been paid for using instant credit obtained using another person's name and information.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

The Grand Jury further charges:

4. From in or about October 2006, up to and including in or about January 2007, in the Southern District of New York and elsewhere, KWAME PREMPEH, a/k/a "Abdellah", and ABASS GLES, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Section 1029(a)(5).

5. It was a part and an object of the conspiracy that KWAME PREMPEH, a/k/a "Abdellah", and ABASS GLES, the defendants, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, would and did effect transactions with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period, the aggregate value of which is equal to and greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

## OVERT ACTS

6. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   (a) In or about December 2006, a credit card supplied

3

to an accomplice by KWAME PREMPEH, a/k/a "Abdellah", the defendant, was used to purchase goods at an electronics store in Manhattan, New York.

(b) In or about December 2006, a credit card supplied to an accomplice by ABASS GLES, the defendant, was used to purchase goods at an electronics store in Central Valley, New York.

(Title 18, United States Code, Section 1029(b)(2).)

COUNT THREE

7. From in or about October 2006 through in or about January 2007, in the Southern District of New York and elsewhere, KWAME PREMPEH, a/k/a "Abdellah", and ABASS GLES, the defendants, unlawfully, willfully, and knowingly, during and in relation to felony violations of Title 18, United States Code, Section 1349, did transfer, possess, and use, without lawful authority, means of identification of other persons, to wit, in furtherance of the offense charged in Count One, PREMPEH and GLES used the names, social security numbers and other information of numerous persons to obtain computers and other electronic equipment.

(Title 18, United States Code, Sections 1028A and 2).

FORFEITURE ALLEGATION

8. As a result of committing the offenses alleged in Counts One and Two of the Information, KWAME PREMPEH, a/k/a

4

"Abdellah", and ABASS GLES, the defendants, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the conspiracies to commit wire fraud and access device fraud alleged in Count One, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and all property constituting or derived from proceeds obtained directly or indirectly as a result of the conspiracies to commit wire fraud and access device fraud alleged in Counts One and Two, pursuant to 18 U.S.C. § 982, including but not limited to the following:

  a. At least $125,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the conspiracies to commit wire and access device fraud charged in Counts One and Two of the Information.

## Substitute Asset Provision

  9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (1) cannot be located upon the exercise of due diligence;

  (2) has been transferred or sold to, or deposited with, a third person;

  (3) has been placed beyond the jurisdiction of the Court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

  (Title 18, United States Code, Section 981(a)(1)(C),
   Title 28 United States Code, Section 2461 and
    Title 18, United States Code, Section 982.)


_____     _____
FOREPERSON              MICHAEL J. GARCIA
                    United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KWAME PREMPEH,
a/k/a "Abdellah",
ABASS GLES,

Defendants.

INDICTMENT

07 Cr.

(18 U.S.C. §§ 1349, 1029(b)(2) and 1028A)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

*Grace Lamacchia Paris*
Foreperson.

*PC 4/16/07*

*Indictment filed, case assigned to Judge Batts.*

*F. Maas, USMJ*